WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicholas G. Hood, Esq., SBN 238620
Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 280
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 608-9142
kpelletier@wrightlegal.net

Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL ALVAREZ,<br><br>             Plaintiff,<br><br>      vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>AND DOES 1-10, INCLUSIVE,<br><br><br>             Defendants. | Case No.:  2:14-CV-00972-SVW (MAN)<br><br>*Honorable Stephen V. Wilson*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP Rule 12(b)(6)]**<br><br>*[Request for Judicial Notice Filed Concurrently Herewith]*<br><br>**<u>Hearing</u>**<br>Date:      March 31, 2014<br>Time:      1:30 p.m.<br>Ctrm.:     6 – Second Floor |

///

///

1

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on March 31, 2014, at 1:30 p.m., in Courtroom 6 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN"), will move this Court for an Order dismissing the Complaint ("Complaint") of Plaintiff, ISABEL ALVAREZ ("Plaintiff"), pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), for the failure to state a claim upon which relief can be granted. This motion is mad e on the grounds that, after reviewing the conclusory allegations of the Complaint, Plaintiff has failed to plead the essential facts which give rise to his claims against OCWEN and/or the claims are barred (1) on their face, and/or (2) as a result of matters that may be judicially noticed by the Court.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the complete file and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

This Motion is brought following counsel for OCWEN'S good faith attempt to meet and confer with Plaintiff's counsel in accordance with L.R. 7-3 on February 11, 2014. Despite this attempt to meet and confer, an informal resolution of this Motion could not be reached because Plaintiff's counsel did not respond to OCWEN'S counsel.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: February 18, 2014   By:   *s/ Kristina M. Pelletier, Esq.*
                                   T. Robert Finlay, Esq.
                                   Nicholas G. Hood, Esq.
                                   Kristina M. Pelletier, Esq.
                                   Attorneys for Defendant,
                                   OCWEN LOAN SERVICING, LLC

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# **TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................... 1

III.  THE STANDARDS FOR MOTIONS TO DISMISS .................................. 2

IV.   DISCUSSION ................................................................................................ 2

  A.    Plaintiff Does Not Have Standing to Allege Violations of HAMP ................ 2

  B.    Plaintiff's Claim for Violation of HOBR Fails Because it is Insufficiently
        Pled ........................................................................................................ 4

  C.    Plaintiff's Negligence-Based Claims Fail Because OCWEN Does Not
        Owe a Legal Duty to Plaintiff and the Claims are Insufficiently Pled ........... 6

    1.    Plaintiff's Negligence Claim Fails as a Matter of Law ........................ 6

    2.    Plaintiff's Claim for Negligent Misrepresentation is Inapplicable to
          OCWEN, Time-Barred and Insufficiently Pled.................................. 10

    3.    Plaintiff Cannot Recover in Tort for Her Contract-Based Claims ..... 12

  D.    Plaintiff's Claim for Breach of Contract Fails Because it is Time-Barred
        and Insufficiently Pled ................................................................................ 13

  E.    Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and
        Fair Dealing Fails Because it is Insufficiently Pled ...................................... 15

  F.    Plaintiff's Claim for Violation of Business and Professions Code Section
        17200 Fails Because Plaintiff Has Not Alleged Any Wrongful Conduct By
        OCWEN ..................................................................................................... 18

V.    CONCLUSION.............................................................................................. 21

i

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Ahmad v. Wells Fargo Bank, NA*,
 F. Supp. 2d, 2012 WL 917769, * 10 (E.D. Mich., 2012)....................................4

*Aim Insurance Co. v. Culcasi*,
 229 Cal. App. 3d 209, 216 (1991)........................................................................8

*Albert v. Wells Fargo Bank, N.A.*,
 Slip Copy, 2012 WL 1213718 (N.D.Cal., 2012) ................................................3

*Altman v. PNC Mortg.*
 850 F. Supp. 2d 1057, *1081 (E.D. Cal., 2012) ..............................................15

*Amtower v. Photon Dynamics, Inc.*
 (2008) 158 Cal. App. 4th 1582, 1602 ..............................................................12

*Ansanelli v. JP Morgan Chase Bank, N.A.*,
 2011 WL 1134451, *6 (N.D. Cal., 2011)............................................................3

*Archdale v. American Int'l Specialty Lines Ins. Co.*
 (2d Dist. 2007) 154 Cal. App. 4th 449, 456, 472 ............................................17

*Ashcroft v. Iqbal*,
 129 U.S. 662, 663, 678 (2009) ............................................................................2

*Banaga v. Taylor Bean Mortg. Co.*
 (N.D. Cal., 2011) 2011 WL 5056985, *5.......................................................9, 11

*Beasley v. Wells Fargo Bank*
 (1st Dist.1991) 235 Cal. App. 3d 1383, 1401 ..................................................17

*Becker v. Wells Fargo Bank, N.A., Inc.*
 (E.D. Cal., 2011) 2011 WL 1103439, *23 ..........................................................8

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 570 (2007) ....................................................................................2

TABLE OF AUTHORITIES

*Bruckman v. Parliament Escrow Corp.*,
   190 Cal. App. 3d 1051, 1063 (1987)................................................................. 13

*Bulaoro v. Oro Real, Inc.*,
   2011 WL 6372458, at * 4 (N.D. Cal., 2011)..................................................... 16

*CAMSI IV v. Hunter Technology Corp.*
   (1991) 230 Cal. App. 3d 1525, 1536–1537................................................. 11, 17

*Castillo v. Bank of America, N.A.*,
   2012 WL 4793240, *6+ (S.D. Cal., 2012)...................................................... 3, 9

*Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal.4th 163, 187 (1999)................................................................................ 19

*Clark v. Wachovia Mortg.*,
   2011 WL 9210348, *3 (C.D. Cal., 2011)............................................................. 3

*Comunale v. Traders & Gen. Ins. Co.*
   (1958) 50 Cal.2d 654........................................................................................ 17

*Coulibaly v. J.P. Morgan Chase Bank*,
   2011 WL 3476994, * 15, n. 20 (D. Md., 2011) .................................................. 4

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079, 1099 (1st Dist. 2007) ............................................... 20

*Das v. Bank of America, N.A.*
   (2010) 186 Cal.App.4th 727, 740....................................................................... 7

*DeLeon v. Wells Fargo Bank*,
   729 F. Supp. 2d 1119, 1128 (N.D. Cal., 2010) ............................................... 14

*DeLeon v. Wells Fargo Bank, N.A.*,
   2010 WL 4285006, *4 (N.D. Cal., 2010)............................................................. 8

*Dooms v. Fed. Home Loan Mortg. Corp.*,
   2011 WL 1232989, *11 (E.D. Cal., 2011) .......................................................... 6

*Dubin*, 2011 WL 794995, at *7–8 ....................................................................... 18

iii

*Durell v. Sharp Healthcare,*

   183 Cal. App. 4th 1350, 1367, 1373, 1384 (2010)..................................................... 13, 19

*Eddy v. Sharp,*

   199 Cal. App. 3d 858, 864 (1988) ...................................................................... 10

*Foley v. Interactive Data Corp.*

   (1988) 47 Cal.3d 654 ........................................................................................ 12

*Fortaleza v. PNC Financial Services Group, Inc.,*

   642 F. Supp. 2d 1012, 1020 (N.D. Cal., 2009) ................................................ 15

*Gale v. Aurora Loan Services,*

   2011 WL 1897671, *1 (D. Utah, 2011) ............................................................ 3

*Glenn Holly Entm't, Inc. v. Tektronix, Inc.,*

   100 F.Supp.2d 1086, 1093 (C.D. Cal., 1999)................................................... 10

*Gutierrez v. PNC Mortg,*

   2012 WL 1033063, at *4. (S.D. Cal, 2012) ...................................................... 7

*Guz v. Bechtel National, Inc.,*

   24 Cal.4th 317, 349 (2000).............................................................................. 15

*Hale v. Sharp Healthcare*

   (2010) 183 Cal. App. 4th 1373, 1384................................................................ 20

*Hoffman v. Bank of America, N.A.*

   2010 WL 2635773 at *4. ................................................................................... 3

*Huerta v. Ocwen Loan Servicing, Inc.,*

   2010 WL 728223, *4 (N.D. Cal., 2010)............................................................ 7

*Ingalsbe v. Bank of Am., N.A.,*

   2010 WL 5279839, *5 (E.D. Cal., 2010) .......................................................... 3

*Ingalsbe,*

   2010 WL 5279839, at *5 ............................................................................... 3, 9

*Khoury v. Maly's of California, Inc.*

   (1993) 14 Cal.App.4th 612, 619 ...................................................................... 19

iv

*Klamath v. Patterson,*

    204 F.3d 1206 (9th Cir.1999)..................................................................3

*Kwikset Corp. v. Superior Court*,

    51 Cal.4th 310, 322 (2011)...............................................................20

*Ladd v. County of San Mateo*,

    12 Cal. 4th 913, 917 (1996)...............................................................6

*Lindsay v. America's Wholesale Lender*,

    2012 WL 83475 at *4 (C.D. Cal. 2012) ...........................................7

*Lopez v. GMAC Mortg.*,

    2011 WL 6029875, *20 (E.D. Cal., 2011) ..................................14, 15

*Marques v. Wells Fargo Home Mortgage., Inc.,*

    2010 WL 3212131 (S.D. Cal., 2010) .................................................3

*McKell v. Wash. Mut., Inc.*

    (2006) 142 Cal.App.4th 1457 ...........................................................19

*Mitsui Mfr. Bank v. Superior Ct.,*

    212 Cal.App.3d 726, 730 (1989 .......................................................18

*Nafso v. Wells Fargo Bank, NA,*

    2011 WL 1575372, *4 (E.D. Mich., 2011) ........................................4

*National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group,*

    *Inc.* (2009) 171 Cal.App. 4th 35, 50.................................................10

*Neilson v. Union Bank of Cal., N.A.,*

    290 F.Supp.2d 1101, 1141 (C.D. Cal., 2003)....................................10

*Nool v. HomeQ Servicing,*

    653 F. Supp. 2d 1047, 1054 (E.D. Cal., 2009)..................................15

*Orcilla,*

    2010 WL 5211507, at *3 ....................................................................3

*Ortiz v. America's Servicing Co.,*

    2012 WL 2160953 (C.D. Cal., 2012)................................................7

*Otworth v. Southern Pacific Transportation Co.*

(1985) 166 Cal.App.3d 452, 459 ........................................................................ 13

*Perlas v. GMAC Mortg., LLC*

(2010) 187 Cal.App.4th 429, 436 ................................................................ 7, 9, 18

*Puentes v. Wells Fargo Home Mortg., Inc.,*

160 Cal.App.4th 638, 643-644 (2008) ................................................................ 18

*Racine & Laramie, LTD., Inc. v. California Dept. of Parks and Recreation,*

11 Cal.App.4th 1026, 1031-103(1992) ............................................................ 17

*Ragland v. U.S. Bank Nat. Assn.*

(2012) 209 Cal.App.4th 182, 207 ........................................................................ 7

*Rockridge Trust v. Wells Fargo,*

N.A., 2013 WL 5428722, * 27 (N.D. Cal., 2013) ............................................. 5

*Saber v. JPMorgan Chase Bank, N.A.,*

2014 WL 255700, *3 (C.D. Cal., 2014) .......................................................... 5

*Saunders v. Sup.Ct.*

(1999) 27 Cal.App.4th 832, 838 ...................................................................... 18

*Smith v. Ben Bennett, Inc.,*

33 Cal. App. 4th 1507, 1525 (2005) ................................................................ 11

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*

(1996) 49 Cal. App. 4th 472, 481 ...................................................................... 6

*Solomon v. Aurora Loan Services LLC,*

2012 WL 2577559, *5 (E.D. Cal., 2012) .......................................................... 4

*Solomon,* 2012 WL 2577559, at *4, FN. 1, *5 ............................................. 4, 9

*Speleos v. BAC Home Loans Servicing, L.P.,*

755 F. Supp. 2d 304, 308 (D. Mass., 2010) ...................................................... 3

*Sprewell v. Golden State Warriors*,

266 F.3d 979, 988 (9th Cir. 2001) ................................................................... 2

TABLE OF AUTHORITIES

*Starkey v. First Magnus Financial Corp.,*
  2012 WL 4061204 (M.D. Tenn., 2012) ............................................................... 4

*Starr v. Baca*,
  652 F.3d 1202, 1216 (9th Cir. July 25, 2011) ..................................................... 2

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*,
  143 Cal. App. 4th 1036 (2006) ........................................................................... 12

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*,
  100 Cal. App. 4th, 44, 55 (1992) ....................................................................... 15

*StreamCast Networks, Inc. v. IBIS LLC*,
  2006 WL 5720345 (C.D. Cal., 2006) ................................................................. 10

*Sullivan v. JP Morgan Chase Bank, NA,*
  725 F.Supp.2d 1087, 1094 (E.D. Cal., 2010) ..................................................... 8

*Troyk v. Farmers Group, Inc.*
  (2009) 171 Cal.App.4th 1305, 1352 ................................................................... 13

*Valdez v. Taylor Auto. Co.*
  (1954) 129 Cal. App. 2d 810, 817-18 ................................................................. 8

*Vargas v. Wells Fargo Bank, N.A.,*
   2012 WL 2931220, *4 (N.D. Cal., 2012) ........................................................... 14

*Vasquez v. Residential Invs., Inc.,*
  118 Cal. App. 4th 269, 278 (2004) ..................................................................... 6

*Velasco v. Aurora Loan Services LLC,*
  2012 WL 569582, *3 (C.D. Cal., 2012) ............................................................. 3

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097, 1006 (9th Cir.2003) ................................................................... 11

*Villegas v. Wells Fargo Bank, N.A.*,
  2012 WL 2931343, *5, *9, *10 (N.D., Cal., 2012) ................................. 15, 16, 17

*Walters v. Fidelity Mortgage of California, Inc.,*
  730 F.Supp.2d 1185, 1205 (E.D. Cal., 2010) ..................................................... 7

vii

*Williamson v. Sacramento Mortg., Inc.*,

   2011 WL 4591098, *9 (E.D. Cal., 2011) ............................................................... 7

*Yau v. Duetsche Bank Nat. Trust Co. Americas*,

   2011 WL 8327957, *6+ (C.D. Cal., 2011) ........................................................... 3

**Statutes**

*Bus. & Profs. Code*, §17204 ................................................................................ 19

*Bus. & Profs. Code* §17200 ..................................................................... 1, 19, 20

Cal. Fin. Code § 4973(c) ...................................................................................... 14

*Civ. Code* § 2923.7(a) ............................................................................................ 5

*Civ. Code* § 2923.7(e) ............................................................................................ 5

*Code Civ. Proc.* § 337, subd. 1 ........................................................................... 17

**Rules**

*FRCP*, Rule 12(b)(6). ............................................................................................ 2

*FRCP* Rule 12 ......................................................................................................... 1

*FRCP* Rule 8(a)(2) ................................................................................................. 2

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Court should dismiss Plaintiff's lawsuit with prejudice because Plaintiff's Complaint fails to state a claim upon which relief can be granted. Indeed, Plaintiff filed this action in an impermissible attempt to force OCWEN to modify the subject mortgage loan.

Plaintiff's Complaint fails to set forth a single viable claim against OCWEN. In particular, the entire action is improper because it is predicated on Plaintiff's attempt to privately enforce the federal Home Affordable Modification Program ("HAMP") when no such private right of action exists. Furthermore, Plaintiff's first claim for violation of the Homeowner's Bill of Rights ("HOBR") fails because it is premature and Plaintiff has failed to allege any prejudice as a result of the purported violation. Plaintiff's second and fifth claims for negligent misrepresentation and negligence fail, respectively, because OCWEN does not, as a matter of law, owe a legal duty to Plaintiff and the parties' contractual relationship prevents the recovery of tort remedies. Plaintiff's third claim for breach of contract fails because it is time-barred and insufficiently pled. Plaintiff's fourth claim for breach of the implied covenant of good faith and fair dealing fails because it is not based upon a viable contract and it is otherwise insufficiently pled. Lastly, Plaintiff's sixth claim for violation of Business and Professions Code section 17200 fails because Plaintiff has not alleged any unlawful, unfair or wrongful conduct by OCWEN. Accordingly, OCWEN respectfully requests that its Motion be granted in its entirety and with prejudice.

## II.    STATEMENT OF FACTS

On or about April 22, 2005, Plaintiff refinanced the property located at 10943 Saticoy St., Sun Valley, California 91352 ("Property"), by borrowing 185,000.00 (the "Loan") from Option One Mortgage Corporation ("Option One"). Request for Judicial Notice ["RJN"], Exhibit 1. The Loan is secured with the Property by a recorded Deed of Trust. *Id.*

In 2012, Plaintiff started to have trouble making her Loan payments and sought to modify the Loan with OCWEN. Complaint, ¶¶ 23-24. Plaintiff's request for a modification was ultimately denied. *See,* Complaint, ¶ 25. On January 6, 2014, Plaintiff filed the instant action.

### III.   THE STANDARD FOR MOTIONS TO DISMISS

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6). Although a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief (*FRCP* Rule 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 U.S. at 663. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" (*Id.*), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001); *see also, Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir., 2011) (holding that the Complaint must recite more than the elements and must plausibly show entitlement to relief).

### IV.   DISCUSSION

**A.   <u>Plaintiff Does Not Have Standing to Allege Violations of HAMP</u>.**

Plaintiff's action is based primarily on the denial of Plaintiff's request for a Loan modification under the Home Affordable Modification Program ("HAMP"). *See,* Complaint, ¶¶ 40, 42-43, 67-73, 79, p. 16, ¶ 1 (Prayer for Relief). In particular, Plaintiff alleges that "Defendants breached their duty of ordinary care and good faith…and the terms of the Consent Order when they… (a) failed to give Plaintiff a good faith review for HAMP" and "rejected Plaintiff's loan workout…." Complaint, ¶ 73. Despite

Plaintiff's conclusory assertions, she cannot base any of her claims on an alleged breach under HAMP because <u>Plaintiff lacks standing under the HAMP provisions</u>.

Indeed, numerous district courts in the Ninth Circuit have rejected Plaintiff's argument and held that there is no private right of action under HAMP. *See, Velasco v. Aurora Loan Services LLC,* 2012 WL 569582, *3 (C.D. Cal., 2012); *Clark v. Wachovia Mortg.,* 2011 WL 9210348, *3 (C.D. Cal., 2011); *Yau v. Duetsche Bank Nat. Trust Co. Americas*, 2011 WL 8327957, *6+ (C.D. Cal., 2011); *Castillo v. Bank of America, N.A.,* 2012 WL 4793240, *6+ (S.D. Cal., 2012); *Ingalsbe v. Bank of Am., N.A.*, 2010 WL 5279839, *5 (E.D. Cal., 2010); *Hoffman v. Bank of America, N.A.,* 2010 WL 2635773 at *4 (N.D. Cal., 2010) (citing *Klamath v. Patterson,* 204 F.3d 1206 (9th Cir.1999)). Specifically, the *Hoffman* Court held "the existing case law weighs <u>decisively</u> in favor of defendant[s]: numerous district courts have interpreted identical HAMP [SPAs] and have come to the conclusion that <u>a borrower is not a third party beneficiary."</u> *Hoffman,* 2010 WL 2635773 at *4 (Emphasis added). Plaintiff's HAMP-based claims fail because Congress did not grant such private rights of action. *See, Ingalsbe,* 2010 WL 5279839, at *5 ("The consensus among district courts in the Ninth Circuit is that there is no private right of action under HAMP").

Plaintiff alleges that "[c]ourts differ as to whether borrowers have third party standing to sue their lenders for breach of their HAMP contract with the U.S. Treasury," citing *Marques v. Wells Fargo Home Mortgage., Inc.,* 2010 WL 3212131 (S.D. Cal., 2010). However, *Marques*, which discussed HAMP only in dicta, is the <u>only</u> case cited by Plaintiff in support of her claim. Aside from not being binding on this Court, *Marques* has been rejected by courts across the Country. *See, Brockway v. JP Morgan Chase Bank,* 2012 WL 2726758, *3 (S.D. Cal., 2012); *Ansanelli v. JP Morgan Chase Bank, N.A.,* 2011 WL 1134451, *6 (N.D. Cal., 2011); *Morales v. Chase Home Finance LLC,* 2011 WL 1670045, *9 (N.D. Cal., 2011); *Gale v. Aurora Loan Services,* 2011 WL 1897671, *1 (D. Utah, 2011); *Speleos v. BAC Home Loans Servicing, L.P.,* 755 F. Supp. 2d 304, 308 (D. Mass., 2010); *Ahmad v. Wells Fargo Bank, N.A.*, F. Supp. 2d, 2012 WL 917769,

MEMORANDUM OF POINTS AND AUTHORITIES

* 10 (E.D. Mich., 2012); *Coulibaly v. J.P. Morgan Chase Bank,* 2011 WL 3476994, * 15, n. 20 (D. Md., 2011); *Nafso v. Wells Fargo Bank, N.A.,* 2011 WL 1575372, *4 (E.D. Mich., 2011) (collecting cases); *Starkey v. First Magnus Financial Corp.,* 2012 WL 4061204 (M.D. Tenn., 2012). Accordingly, Plaintiff's argument is not persuasive and, as a result, Plaintiff has no enforceable rights under HAMP. Therefore, to the extent Plaintiff's claims are premised on any putative violation of HAMP guidelines or denial of a HAMP-based loan modification, Plaintiff's claims fail and should be dismissed with prejudice. *See, Velasco,* 2012 WL 569582, at *3.

In addition, to the extent Plaintiff's claims are based upon a purported Consent Order entered into by OCWEN and the Office of Thrift Supervision (*see,* Complaint, ¶ 73), Plaintiff's claim fails. First, Plaintiff fails to set forth the date the alleged Consent Order was entered into. Thus, it is unclear to what Consent Order Plaintiff is referring. Second, even if OCWEN was a party to the putative Consent Order (which is denied), Plaintiff would lack standing to assert such a claim. *See, Solomon v. Aurora Loan Services LLC,* 2012 WL 2577559, at *4, FN. 1 (E.D. Cal., 2012).

## B.  <u>Plaintiff's Claim for Violation of HOBR Fails Because it is Insufficiently Pled.</u>

Plaintiff alleges that OCWEN violated Civil Code section 2923.7 by failing to assign Plaintiff a single point of contact ("SPOC"). *See,* Complaint, ¶ 32. However, Plaintiff's allegations fail to support a viable cause of action.

First, Plaintiff fails to demonstrate that she is entitled to assert a claim under section 2923.7. In particular, Section 2923.7 only applies to first lien deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units. *See,* Cal. Civ. Code § 2924.15(a). Here, Plaintiff fails to allege that (1) the Loan is secured by a first lien deed of trust, and (2) the Property is "owner-occupied." *See,* Complaint, generally. Thus, Plaintiff has failed to demonstrate that section 2923.7 is applicable to Plaintiff's claims.

Moreover, Plaintiff admits that she was reviewed and denied a modification in or around 2012. S*ee,* Complaint, ¶¶ 23-25, 42-43, 73, 79. Borrowers who have already been

evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section are not entitled to another modification review unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application. *See,* Civ. Code § 2923.6(g). Here, Plaintiff was afforded a modification review in 2012 and Plaintiff has not alleged any facts to show that the review(s) were not properly conducted. S*ee,* Complaint, ¶¶ 23-25, 42-43, 73, 79. Further, Plaintiff has not alleged that she experienced a material change in her finances and that proof of said change was provided to OCWEN. *See,* Complaint, generally. Thus, even if Plaintiff was not provided with a SPOC (which is denied), Plaintiff's claim fails because she was not entitled to another modification review.

Second, Plaintiff fails to plead any allegations suggesting that a SPOC was not properly assigned. Section 2923.7 provides that when a borrower requests a foreclosure prevention alternative, a mortgage servicer must promptly establish a SPOC. *See, Saber v. JPMorgan Chase Bank, N.A.,* 2014 WL 255700, *3 (C.D. Cal., 2014) (citing § 2923.7(a)). The SPOC need not be one specific individual assigned to the loan file. Instead, the SPOC can be an entire "team" of individuals. *See,* Civ. Code § 2923.7(e). Here, Plaintiff alleges that section 2923.7 was violated because Plaintiff was provided "multiple and divergent points of contact." *See,* Complaint, ¶ 32. However, Plaintiff does not allege any additional facts to show that these multiple contacts were not a "team" of individuals as allowed under section 2923.7.

Lastly, Plaintiff's claim fails because Plaintiff has failed to allege any prejudice as a result of the purported violation. *See, Rockridge Trust v. Wells Fargo,* N.A., 2013 WL 5428722, * 27 (N.D. Cal., 2013) (Dismissing cause of action for violation of Civil Code section 2923.7 based on the plaintiff's failure to allege damages resulting from the violation). In fact, the Complaint is devoid of any allegation that Plaintiff was harmed by OCWEN'S purported failure to assign a SPOC. Instead, Plaintiff admits that she was

previously reviewed and denied for a modification (s*ee,* Complaint, ¶¶ 42-43, 73, 79), and she does not dispute that she defaulted on her Loan. *See,* Complaint, generally. Moreover, Plaintiff concedes that she started experiencing financial trouble in 2012 (*see,* Complaint, ¶ 23), well before she allegedly sought another modification review in February of 2013. *See,* Complaint, ¶ 26. Furthermore, foreclosure proceedings have not been initiated. *See,* Complaint, generally. Indeed, no Notice of Default has been recorded against the Property. *Id.* Thus, Plaintiff cannot allege that she has been harmed by the threat of foreclosure. In addition, Civil Code Section 2924.12(c) provides that a mortgage servicer shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale. *See,* Civ. Code § 2924.12(c). Here, no trustee's deed upon sale has been recorded. Indeed, foreclosure had not even been initiated. Thus, even if Plaintiff's allegations were true (which is denied), OCWEN would still have time to remedy any purported violation before Plaintiff would be entitled to any relief. Thus, Plaintiff has failed to allege that she has suffered any damages as a result of the purported violation. Accordingly, Plaintiff's claim fails and is incapable of amendment.

**C.      Plaintiff's Negligence-Based Claims Fail Because OCWEN Does Not Owe a Legal Duty to Plaintiff and the Claims are Insufficiently Pled.**

**1.      Plaintiff's Negligence Claim Fails as a Matter of Law.**

To allege a claim for negligence, Plaintiff must allege that (1) OCWEN had a legal duty to conform to a standard of conduct to protect Plaintiff, (2) OCWEN failed to meet this standard of conduct, (3) OCWEN'S failure was the proximate or legal cause of the resulting injury, and (4) Plaintiff was damaged. *Ladd v. County of San Mateo,* 12 Cal. 4th 913, 917 (1996). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant" and plaintiff's negligence claim fails. *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 481 (1996); *Dooms v. Fed. Home Loan Mortg. Corp.*, 2011 WL 1232989, *11 (E.D. Cal., 2011). The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide. *Vasquez v. Residential Invs., Inc.,* 118 Cal. App. 4th 269, 278 (2004).

MEMORANDUM OF POINTS AND AUTHORITIES

Generally, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *Das v. Bank of America, N.A.,* 186 Cal. App. 4th 727, 740 (2010) (citing *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal. App. 3d 1089, 1096 (1991)). California has long recognized that in commercial transactions, each party acts in its own best interest. *Perlas v. GMAC Mortg., LLC,* 187 Cal. App. 4th 429, 436 (2010). The arm's length relationship between the parties to a mortgage loan transaction continues throughout the life of the loan, encompassing all actions concerning the servicing of the loan, including foreclosure on the collateral. *Ortiz v. America's Servicing Co.*, 2012 WL 2160953, *6 (C.D. Cal., 2012). Indeed, loan modification is intimately tied to a Defendant's lending role, and therefore, does not give rise to a legal duty between the lender and borrower. *Ragland v. U.S. Bank Nat. Assn.,* 209 Cal. App. 4th 182, 207 (2012); *Gutierrez v. PNC Mortg.,* 2012 WL 1033063, at *4. (S.D. Cal, 2012); *Lindsay v. America's Wholesale Lender*, 2012 WL 83475 at *4 (C.D. Cal., 2012).

Courts have similarly held that, "acting in the capacity of loan servicer imposes no legal duty of care on the servicer…." *Lindsay*, 2012 WL 83475 at *4. Thus, a loan servicer owes no duty to a borrower "when its involvement in the transaction does not exceed the scope of its conventional role as a loan servicer." *Huerta v. Ocwen Loan Servicing, Inc.,* 2010 WL 728223, *4 (N.D. Cal., 2010); *Walters v. Fidelity Mortgage of California, Inc.,* 730 F. Supp. 2d 1185, 1205 (E.D. Cal., 2010); *Williamson v. Sacramento Mortg., Inc.,* 2011 WL 4591098, *9 (E.D. Cal., 2011).

Here, Plaintiff's claim for negligence fails because Plaintiff has not, and cannot, allege the existence of a legal duty that was owed by OCWEN to Plaintiff. Indeed, Plaintiff's allegations all concern the servicing of her Loan and the review of Plaintiff's Loan for a HAMP modification (*see,* Complaint, ¶¶ 67-68, 72-73), which fall squarely within OCWEN'S role as Loan servicer. Since a duty does not arise when a lender/servicer reviews a debtor's application for a loan modification, Plaintiff has failed

to state a negligence claim. *See, Solomon,* 2012 WL 2577559, at *5 (citing, *Dooms,* 2011 WL 1232989, at *12); *Becker v. Wells Fargo Bank, N.A., Inc.*, 2011 WL 1103439, *23 (E.D. Cal., 2011) (holding that allegations about loan modification application process did not give rise to a duty); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, *4 (N.D. Cal., 2010) (holding that defendant did not have a duty "to complete the loan modification process"); *Sullivan v. JP Morgan Chase Bank, N.A.,* 725 F. Supp. 2d 1087, 1094 (E.D. Cal., 2010) (holding that "[p]laintiffs' allegations that Defendant misrepresented to them that a permanent loan modification would be put into place are insufficient to form the basis of a negligence claim").

Plaintiff argues that, having voluntarily undertaken to review Plaintiff's Loan modification application, OCWEN owed her a duty in regard to that task. Complaint, ¶ 70. In support of this contention, Plaintiff refers to *Valdez v. Taylor Auto. Co.,* 129 Cal. App. 2d 810, 817 (1954) and *Aim Insurance Co. v. Culcasi,* 229 Cal. App. 3d 209 (1991). *Valdez* held that, "a person may become liable in tort for negligently failing to perform a voluntarily assumed undertaking even in the absence of a contract to do so" and, in such a case, "the person undertaking to perform the service is under a duty to exercise due care in performing the voluntarily assumed duty." *Valdez,* 129 Cal. App. 2d at 817. However, in *Valdez,* unlike the present case, the defendant promised to obtain liability and property damage insurance for the plaintiff, but failed to do so. *Id.* at 812. No such similar facts exist here. Moreover, in *Aim,* the plaintiff alleged that she entrusted an application for health insurance and supporting documents to the defendant, who told her she would be properly enrolled in the plan. *Aim Insurance Co.,* 229 Cal. App. 3d at 216. The defendant then failed to complete the enrollment. *Id.* Again, the facts are distinguishable from the present case since OCWEN did not state to Plaintiff that the Loan would ever be modified. In both *Aim* and *Valdez,* in finding a duty of care existed, the court focused upon the fact that the plaintiffs relied upon the conduct of the defendant to their damage. *Id; see also, Valdez,* 129 Cal. App. 2d at 817-18. Moreover, each case concerned an insurer-insured based relationship, in which a fiduciary duty is generally owed.

Here, Plaintiff does not allege any specific facts to demonstrate that OCWEN made any representation to her. *See,* Complaint, ¶¶ 26-40. Moreover, Plaintiff was not guaranteed a modification, so any reliance would be unjustified. *See, Banaga v. Taylor Bean Mortg. Co.,* 2011 WL 5056985, *5 (N.D. Cal., 2011) ("No review process guarantees a positive outcome."). Thus, "[r]elying on the promise of such review arguably requires equal preparation for success and failure." *Id*. Further, the relationship between Plaintiff and OCWEN is that of a loan servicer and borrower, <u>not</u> an insurer and insured. Because the relationship between parties to a mortgage loan transaction is arm's length, wherein each party acts in its own best interest (*see, Perlas,* 187 Cal. App. 4th at 436), the instant matter is distinguishable from the cases cited by Plaintiff and she cannot rely upon them to demonstrate that a duty of care was owed. Accordingly, Plaintiff has failed to allege that OCWEN owed Plaintiff a duty of care. As a result, Plaintiff's negligence claim fails and is incapable of amendment.

Notwithstanding the fact that OCWEN does not owe a duty to Plaintiff, her claims also fail because Plaintiff has failed to allege any breach by OCWEN. Indeed, Plaintiff admits that her Loan was reviewed for a modification and ultimately denied. *See,* Complaint, ¶¶ 25, 42, 73, 79. Plaintiff concludes that OCWEN "[f]ailed to give Plaintiff a good faith review for HAMP assistance…" and that OCWEN "rejected Plaintiff's loan workout for a reason which is unintelligible." Complaint, ¶ 73. However, Plaintiff has not alleged a single fact to demonstrate that he was not given a "good faith review." Further, Plaintiff's conclusion that she was eligible for a loan modification (*see,* Complaint, ¶ 73) is insufficient to support her claim because Plaintiff has failed to set forth any specific facts to support this self-serving conclusion. *Id*. To the extent Plaintiff's claim is based upon an alleged violation of HAMP, for the reasons discussed above, Plaintiff lacks standing to assert such a claim and it does not otherwise give rise to a negligence cause of action. *See, Castillo,* 2012 WL 4793240, at *6+; *Ingalsbe*, 2010 WL 5279839, at*5; *Solomon*, 2012 WL 2577559, at *5.

MEMORANDUM OF POINTS AND AUTHORITIES

### 2.   Plaintiff's Claim for Negligent Misrepresentation is Inapplicable to OCWEN, Time-Barred and Insufficiently Pled.

To state a claim for negligent misrepresentation, Plaintiff must allege "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (internal citations omitted). Moreover, the causal elements, particularly the allegations of reliance, must be specifically pleaded. *Id.* In fact, "[n]egligent misrepresentation claims plead a species of fraud, and must meet Rule 9(b)'s particularity requirement." *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *12-13 (C.D. Cal., 2006); *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1141 (C.D. Cal., 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement"); *Glenn Holly Entm't, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1093 (C.D. Cal., 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)").

Here, Plaintiff's claim for negligent misrepresentation fails because Plaintiff has not alleged facts to establish the elements of her claim. In particular, as discussed above, OCWEN does not owe a legal duty to Plaintiff. "As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person." *Eddy v. Sharp,* 199 Cal. App. 3d 858, 864 (1988). Thus, Plaintiff has failed to allege a necessary element of her claim.

Furthermore, Plaintiff's claim fails as a matter of law because it is based, in part, on the origination of Plaintiff's Loan in 2005. *See,* Complaint, ¶ 37. As evidenced by the recorded Deed of Trust, OCWEN had nothing to do with the Loan's origination. RJN, Exhibit 1. Indeed, Plaintiff does not allege that OCWEN made any representations at the

time of origination and she admits that OCWEN became the Loan servicer at a later date. *See,* Complaint, ¶ 38. Accordingly, OCWEN cannot be held liable for any purported fraud related to the Loan's origination.

Nonetheless, because the Loan was originated <u>nearly nine (9) years</u> before the instant Complaint was filed, Plaintiff's claim is time-barred. *See, Smith v. Ben Bennett, Inc.*, 33 Cal. App. 4th 1507, 1525 (2005) ("negligent misrepresentation is governed by either a two- or three-year statute, depending on the gravamen of the claim."). Thus, Plaintiff's claim is untimely. Because Plaintiff signed the Deed of Trust and has not set forth any facts to show the "inability to have made earlier discovery despite reasonable diligence" (*see, CAMSI IV v. Hunter Technology Corp.,* 230 Cal. App. 3d 1525, 1536–1537 (1991)), Plaintiff has failed to demonstrate that she is entitled to equitable tolling. Therefore, Plaintiff's claim fails as a matter of law to the extent it is based on the Loan's origination.

In addition, Plaintiff alleges that OCWEN misrepresented that it would offer Plaintiff a good faith loan modification review. Complaint, ¶ 38. This allegation fails to support Plaintiff's claim. First, Plaintiff's claim does not satisfy Rule 9(b). Plaintiff has not alleged the "who, what, when, where, and how" requirement of pleading fraud. *See, Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted).

Second, Plaintiff has not and cannot allege that a misrepresentation of a past or existing material fact was made. In fact, Plaintiff concedes that her Loan was reviewed and denied for a Loan modification (*see,* Complaint, ¶¶ 42-43, 73, 79) and she has failed to allege any facts demonstrating that a good faith review was not actually performed.

Third, Plaintiff has not alleged that she justifiably relied on the purported misrepresentation. Plaintiff concludes that she reasonably relied by submitting applications, resending financial documents and waiting for the applications to be processed. Complaint, ¶ 42. However, as set forth above, such reliance would be unjustified since no review process guarantees a positive outcome. *See, Banaga,* 2011 WL 5056985, at *5.

11

MEMORANDUM OF POINTS AND AUTHORITIES

Lastly, Plaintiff has not alleged that she was damaged as a result the purported misrepresentation. Plaintiff alleges that she fell behind on her payments while waiting for the results of the modification review (Complaint, ¶ 43), but she has failed to allege facts to demonstrate that this failure was a result of the putative misrepresentations, rather than because of Plaintiff's admitted financial troubles. *See,* Complaint, ¶ 23. Further, Plaintiff does not allege that OCWEN has foreclosed on the Property. In fact, no Notice of Default has been recorded, thus, foreclosure has not even be initiated. Accordingly, Plaintiff's claim for negligent misrepresentation fails.

### 3.     Plaintiff Cannot Recover in Tort for Her Contract-Based Claims.

Plaintiff's claims for negligence and negligent misrepresentation fail because Plaintiff cannot recover in tort for contract-based claims. Where relationships are "fundamentally contractual," contract and not tort damages are the appropriate remedy. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 696 (1988). A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations. *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal. App. 4th 1036, 1041-1042 (2006). Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded; if based on breach of promise, it is contractual. *Amtower v. Photon Dynamics, Inc.,* 158 Cal. App. 4th 1582, 1602 (2008). Here, Plaintiff's relationship with OCWEN is contractual, thus, the terms of the Note and Deed of Trust govern. Nonetheless, Plaintiff improperly attempts to transfer a breach of contract claim into a cause of action for tort damages. Since Plaintiff's claims arise out of the alleged breach of the purported promise to review for a modification, Plaintiff's claim is contractual and, as a result, Plaintiff cannot seek tort damages.

For all the reasons above, Plaintiff's claims for negligence and negligent misrepresentation fail and should be dismissed with prejudice.

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

**D.** **Plaintiff's Claim for Breach of Contract Fails Because it is Time-Barred and Insufficiently Pled.**

"A [claim] for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (citations omitted). A complaint must allege whether the alleged contract was oral or written and, if the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference. *Otworth v. Southern Pacific Transportation Co.*, 166 Cal. App. 3d 452, 459 (1985) (citations omitted). Moreover, "[i]n order to establish liability [for breach of contract] the plaintiff must show that the defendant's breach was a 'substantial factor' in causing the injury." *Bruckman v. Parliament Escrow Corp.,* 190 Cal. App. 3d 1051, 1063 (1987); *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1352 (2009).

Here, Plaintiff alleges that "Defendants breached the express terms of the loan contract." Complaint, ¶ 46. This allegation is premised upon a purported violation of California Finance Code section 4973(c). In particular, Plaintiff alleges that OCWEN was obligated to modify the terms of the Loan because the Loan contained "an unlawful provision for negative amortization." *See,* Complaint, ¶¶ 14, 52. Plaintiff's claim fails as a matter of law because her allegations are contradicted by the judicially noticeable Deed of Trust and to the extent the claim is based on Finance Code section 4973, the claim is time-barred.

Plaintiff's claim is based upon the Loan, which is made up of the Note and Deed of Trust. *See,* Complaint, ¶ 52. Thus, Plaintiff's claim is based upon an alleged breach of a written contract. Plaintiff's claim fails as a matter of law because OCWEN, the Loan servicer, is not a party to the contract. *See,* RJN, Exhibit 1. Nonetheless, Plaintiff's claim fails because the Note is not attached to the Complaint, nor are its provisions set forth therein. *See, Otworth,* 166 Cal. App. 3d at 459. Moreover, Plaintiff alleges that the Loan

MEMORANDUM OF POINTS AND AUTHORITIES

was an adjustable rate loan for a thirty (30) year term subject to negative amortization. Complaint, ¶ 14. Again, the adjustable rate note is not attached to the Complaint and the Deed of Trust that is attached is contrary to this allegation. The recorded Deed of Trust demonstrates that the Loan does <u>not</u> have an adjustable interest rate and it is not subject to negative amortization. *See,* RJN, Exhibit 1. Moreover, Plaintiff fails to allege when the purported breach occurred (i.e., when OCWEN was obligated to modify the Loan's terms). Accordingly, Plaintiff's allegations are disingenuous and fail to support a viable claim.

Further, even if the Loan had an adjustable interest rate and was subject to negative amortization (which is denied) Plaintiff's claim would fail. Plaintiff alleges that the Loan violates Financial Code section 4973 and, as a result, OCWEN is required to modify the Loan. However, section 4973 claims are subject to a one-year statute of limitations period that accrues upon consummation of the loan. *See, DeLeon v. Wells Fargo Bank,* 729 F. Supp. 2d 1119, 1128 (N.D. Cal., 2010) (dismissing time-barred claim for violation of Financial Code section 4973 <u>without leave to amend</u>); *Lopez v. GMAC Mortg.*, 2011 WL 6029875, *20 (E.D. Cal., 2011); *Vargas v. Wells Fargo Bank, N.A.,* 2012 WL 2931220, *4 (N.D. Cal., 2012). Here, the instant action was filed on January 6, 2014, nearly nine (9) years after the Loan was consummated in April of 2005. Therefore, to the extent Plaintiff's claim is predicated on section 4973, it is time-barred and incapable of amendment.

Lastly, Plaintiff's claim fails because Plaintiff has not alleged facts to demonstrate that the Loan is subject to section 4973. Section 4973 provides in pertinent part as follows:

> A <u>covered loan</u> shall not contain a provision for negative amortization such that the payment schedule for regular monthly payments causes the principal balance to increase, unless the covered loan is a first mortgage and the person who originates the loan discloses to the consumer that the loan contains a negative amortization provision that may add principal to the balance of the loan (Emphasis added). Cal. Fin. Code § 4973(c).

14

MEMORANDUM OF POINTS AND AUTHORITIES

Here, Plaintiff fails to allege that her Loan is a "covered loan" for purposes of section 4973. *See, Lopez*, 2011 WL 6029875, *20; *Altman v. PNC Mortg.* 850 F. Supp. 2d 1057, *1081 (E.D. Cal., 2012); *Nool v. HomeQ Servicing,* 653 F. Supp. 2d 1047, 1054 (E.D. Cal., 2009) (dismissing a section 4970 claim for failure to allege "covered loan" conditions). In the absence of necessary facts to establish a covered loan, Plaintiff's claim fails. *See, Fortaleza v. PNC Financial Services Group, Inc.,* 642 F. Supp. 2d 1012, 1020 (N.D. Cal., 2009). Accordingly, Plaintiff cannot base her claim upon a violation of section 4973 and, as a result, Plaintiff has failed to allege any breach of contract by OCWEN.

**E.**   **Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails Because it is Insufficiently Pled.**

The covenant of good faith and fair dealing is implied by law in every contract. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 349 (2000). It exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made; it does not impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement and it cannot contradict the express terms of a contract. *Id.* at 349–350; *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th, 44, 55 (1992). To state a claim for breach of the covenant, Plaintiff must allege the following elements: (1) the plaintiff and defendant entered into a contract; (2) the plaintiff did all or substantially all that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. *Villegas v. Wells Fargo Bank, N.A.*, 2012 WL 2931343, *9 (N.D. Cal., 2012) (citing *Oculus Innovative Sciences, Inc. v. Nofil Corp.*, 2007 WL 2600746, at *4 (N.D. Cal., 2007)).

Here, Plaintiff does not allege any facts to support her claim. In particular, Plaintiff's claim fails because it is not based upon a viable contract. Since the covenant is

15

a supplement to an existing contract, Plaintiff's identification of a valid contract is essential. *Villegas,* 2012 WL 2931343, *10 (citing *Bulaoro v. Oro Real, Inc.,* 2011 WL 6372458, at * 4 (N.D. Cal., 2011)). To the extent Plaintiff's claim is based on the 2005 Deed of Trust, the claim fails because Plaintiff has not alleged that OCWEN is a party to that agreement.

Moreover, Plaintiff has not, and cannot, allege that OCWEN breached the actual terms of the Note and Deed of Trust. Plaintiff's claim is based, in part, on the allegation that OCWEN failed "to modify Plaintiff's loan." *See,* Complaint, ¶¶ 62. However, no agreement between Plaintiff and OCWEN, including the Note and Deed of Trust, required OCWEN to modify the Loan or to even consider a modification. *See,* RJN, Exhibit 1. Further, Plaintiff has failed to allege any facts to demonstrate that she was entitled to a modification. Thus, a denial of Plaintiff's request for a Loan modification does not constitute a breach of the Loan and, as such, cannot support Plaintiff's claim.

In addition, Plaintiff breached the terms of the Deed of Trust when she failed to make her Loan payments. *See,* RJN, Exhibit 1; Complaint, ¶¶ 43, 53. Thus, Plaintiff has not done all that the Deed of Trust required her to do. *See,* RJN, Exhibit 1. Moreover, Plaintiff cannot allege that OCWEN unfairly frustrated her receipt of the benefits of the actual contract since Plaintiff admittedly used the Loan proceeds to refinance the Property. *See,* RJN, Exhibit 1; Complaint, ¶ 13. Instead, Plaintiff improperly seeks to impose substantive duties on OCWEN (i.e., a requirement that they modify Plaintiff's Loan) that are not contained within those obligations incorporated in the specific contractual terms of the Note or Deed of Trust.

To the extent Plaintiff's claim is based upon the origination of her Loan, the claim fails because (1) OCWEN had nothing to do with the Loan's origination, (2) the claim is time-barred and (3) the allegations are insufficient. In particular, Plaintiff alleges that Defendants "failed to provide all proper disclosures…documentation of the loan…and accurate lending disclosures…." Complaint, ¶ 62. First, OCWEN did not have anything to do with the origination of the Loan. *See,* RJN, Exhibit 1. Thus, OCWEN, the Loan

servicer, cannot be held liable for any alleged wrongdoing at the time of the Loan's origination.

Second, the four-year statute of limitations applicable to causes of action arising from a written contract applies to causes of action for breach of the covenant of good faith and fair dealing based on a contract theory. *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal.2d 654, 662 (1958); *Archdale v. American Int'l Specialty Lines Ins., Co.* 154 Cal. App. 4th 449, 456, 472 (2d Dist. 2007); *Beasley v. Wells Fargo Bank* 235 Cal. App. 3d 1383, 1401 (1st Dist.1991); *see also, Code Civ. Proc.* § 337, subd. 1. Since Plaintiff's Loan was originated in April of 2005 (*see,* Complaint, ¶ 13), and Plaintiff's Complaint was not filed until January 6, 2014, nearly nine (9) years later, Plaintiff's claim is barred by the statute of limitations. Because Plaintiff signed the Deed of Trust and has not set forth any facts to show the "inability to have made earlier discovery despite reasonable diligence" (*see, CAMSI IV v. Hunter Technology Corp.,* 230 Cal. App. 3d 1525, 1536–1537 (1991)), Plaintiff has failed to demonstrate that she is entitled to equitable tolling.

Third, Plaintiff's allegations fail to support a viable cause of action because they concern the Loan's origination <u>prior to</u> the execution of the Deed of Trust. *See,* Complaint, ¶ 62. Since the covenant is a supplement to an <u>existing contract</u> and negotiations are not subject to the implied covenant of good faith and fair dealing the implied covenant is inapplicable. *Racine & Laramie, LTD., Inc. v. California Dept. of Parks and Recreation,* 11 Cal. App. 4th 1026, 1031-103 (1992); *Villegas,* 2012 WL 2931343, *10 (citing *Bulaoro v. Oro Real, Inc.*, 2011 WL 6372458, at * 4 (N.D. Cal., 2011)).

To the extent Plaintiff's claim is based upon OCWEN'S purported failure to modify Plaintiff's Loan the claim fails because there is no agreement between the parties pertaining to loan modifications. Indeed, Plaintiff's allegations involve discussions regarding Loan modification <u>review</u>. Complaint, ¶¶ 23-26; 62. Thus, the implied covenant is inapplicable. *See, Racine,* 11 Cal. App. 4th at 1031-103. At most, Plaintiff's allegations demonstrate that she was offered a modification <u>review</u>, but was ultimately

MEMORANDUM OF POINTS AND AUTHORITIES

denied. *See,* Complaint, ¶¶ 23-26; 62. "An agreement that parties will, in the future, make such contract as they may then agree upon amounts to nothing...[a]n agreement to enter into negotiations and agree upon the terms of a contract, if they can, cannot be made the basis of a cause of action." *National Dollar Stores v. Wagnon,* 97 Cal. App. 2d 915, 919 (1950).

Lastly, California law does not generally provide a tort remedy for breach of the implied covenant of good faith and fair dealing in ordinary situations where the parties are a lender and a borrower. *Dubin v. BAC Home Loans Servicing,* 2011 WL 794995, *7–8 (N.D. Cal., 2011). Unless Plaintiff can plead enough facts to permit the court to draw a reasonable inference that her relationship with OCWEN had similar fiduciary characteristics to that of an insured and an insurer, a tort remedy is unavailable. *Mitsui Mfr. Bank v. Superior Ct.,* 212 Cal. App. 3d 726, 730 (1989). Here, Plaintiff has not, and cannot, allege that such a relationship exists because as discussed above, OCWEN does not owe a duty of care to Plaintiff. *See, Das,* 186 Cal. App. 4th at 740; *Perlas,* 187 Cal. App. 4th at 436. Thus, Plaintiff has failed to demonstrate a fiduciary relationship between Plaintiff and OCWEN. Accordingly, Plaintiff's claim fails and should be dismissed with prejudice.

**F.** **Plaintiff's Claim for Violation of Business and Professions Code Section 17200 Fails Because Plaintiff Has Not Alleged Any Wrongful Conduct By OCWEN.**

Business and Professions Code section 17200 prohibits any unlawful, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 643-644 (2008). "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Sup.Ct.*, 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel–Tech Communications, Inc. v. Los*

*Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). When determining "whether the challenged conduct is unfair within the meaning of the unfair competition law…, courts may not apply purely subjective notions of fairness." *Cel–Tech Communications, Inc.,* 20 Cal. 4th at 184. The "fraudulent" prong under section 17200 requires a showing of actual or potential deception to some members of the public, or harm to the public interest. *Id.* at 180; *see also, McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457 (2006). "A plaintiff alleging unfair business practices under these statutes must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Here, Plaintiff's claim fails.

First, Plaintiff has not alleged any facts to demonstrate any conduct by OCWEN that could be classified as an unlawful, fraudulent, or unfair business act or practice. Further, Plaintiff has not alleged any conduct by OCWEN that could constitute a violation of an antitrust law, or violate the policy or spirit of such law. Plaintiff has not even alleged any conduct by OCWEN that could be found to significantly threaten or harm competition. Instead, Plaintiff's allegations consist of a laundry-list of vague and conclusory assertions of wrongdoing. *See,* Complaint, ¶ 79. These conclusions are not supported by any allegations of fact and, as a result, are insufficient to support a claim under section 17200. In particular, Plaintiff's allegations appear to be based on Plaintiff's contention that her request for a modification under HAMP was denied; however, as discussed above, this is insufficient to support a viable claim.

In addition, Plaintiff's claim fails because Plaintiff has not, and cannot, allege any facts to demonstrate her standing to allege her claim against OCWEN. To have standing to allege a claim for violation of section 17200, a plaintiff must allege that he suffered an injury-in-fact as a result of the unfair competition. Bus. & Prof. Code § 17204; *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1384 (2010). Plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., <u>economic injury</u>, and (2) show that that economic injury was the result of, i.e., <u>caused by</u>, the unfair business practice…that is the gravamen of the claim." *Kwikset Corp. v.*

*Superior Court*, 51 Cal.4th 310, 322 (2011) (emphasis in original). There is no causation "when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court,* 151 Cal. App. 4th 1079, 1099 (1st Dist. 2007).

Here, Plaintiff concludes that "Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiff, Defendant's other borrowers, and the public in general." Complaint, ¶ 55. However, this conclusion is insufficient to establish an injury-in-fact. Plaintiff has failed to allege how she has been injured, let alone that any purported injury was an actual and proximate result of any wrongful, unfair, or unlawful act by OCWEN. Moreover, Plaintiff cannot base her claim on the potential foreclosure of the Property because foreclosure proceedings have not been initiated. Thus, Plaintiff has failed to allege standing under section 17200.

Lastly, Plaintiff's claim fails because it is predicated on causes of action that fail. *See, Puentes*, 160 Cal. App. 4th at 643-644 ("section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable…."). Here, for the reasons set forth throughout this Motion, all of the remaining claims asserted in Plaintiff's Complaint fail. As a result, Plaintiff's claim for unfair business practices cannot stand independently. Therefore, Plaintiff's section 17200 claim fails and should be dismissed with prejudice.

///
///
///
///
///
///
///
///
///

MEMORANDUM OF POINTS AND AUTHORITIES

# V.   CONCLUSION

Based on the foregoing, Plaintiff has failed to state a single valid claim against OCWEN. Accordingly, OCWEN respectfully requests that the Court grant this Motion in its entirety and dismiss Plaintiff's Complaint <u>with prejudice</u>.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  February 18, 2014          By:    _s/ Kristina M. Pelletier, Esq._
                                          T. Robert Finlay, Esq.
                                          Nicholas G. Hood, Esq.
                                          Kristina M. Pelletier, Esq.
                                          Attorneys for Defendant,
                                          OCWEN LOAN SERVICING, LLC

21

**PROOF OF SERVICE**

I, Shamika L. Polin, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 18, 2014, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[ ]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:


John E. Mortimer
Law Office of John E. Mortimer
43980 Mahlon Vail Circle, Suite 806
Temecula, CA 92592
T: (951) 330-006; T: (949) 202-1297
F: (949) 502-0819
johnemortimer@gmail.com

*Attorney for Plaintiff Isabel Alvarez*


[ ]     (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]    (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

1

**PROOF OF SERVICE**

[ ]     (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]     (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on February 18, 2014, at Newport Beach, California.

*s/Shamika L. Polin*
Shamika L. Polin

**PROOF OF SERVICE**